## THE WOUDRICHEM.

(District Court, E. D. New York. November 29, 1921.)

**Maritime liens ⬤⟹2—Lien for supplies to foreign vessel depends on law of country where furnished, which must be pleaded and proved.**

> In a suit to establish and enforce a maritime lien for supplies furnished to a vessel in a foreign port, whether such lien exists, or whether the court has or will exercise jurisdiction, depends on the law of the country where the supplies were furnished, which must be pleaded and proved.

In Admiralty. Suit by the Furness Shipping Agency Company, Limited, against the steamship Woudrichem. On exceptions to libel. Exceptions sustained.

Rumsey & Morgan, of New York City, for libelant.

Bullowa & Bullowa, of New York City (Emilie M. Bullowa, of New York City, of counsel), for claimant.

GARVIN, District Judge. The claimant has filed exceptions to the libel, claiming, first, that no cause of action within the jurisdiction of this court is set forth; second, that no cause of action against the vessel is alleged; third, that it does not appear that any cause of action existed at the port of Rotterdam, where it is alleged that the advances for the purpose of paying claims for work, labor, and materials (upon which the action is based) are alleged to have been made; and, fourth, that it does not appear that under the laws of Holland (where it is alleged that the advances were made) a cause of action against the vessel existed.

As the libel does not allege the home port of the vessel, it does not appear whether the advances were made there or elsewhere, so that there is nothing to show where the maritime liens which are asserted were created. Jurisdiction is dependent upon where the maritime lien relied upon arose; i. e., whether at the home port of the vessel or at some other place. Libelant offered to amend the libel, by alleging the home port and by setting up where the repairs were made and supplies furnished; but it would seem that these amendments would indicate that the cause of action must have arisen in Holland, in which event the Dutch law, not only will determine whether this court has or will exercise jurisdiction, but must be pleaded and proved, in order that the court may determine whether the alleged maritime lien should be enforced here.

"The conclusion was there [in The Scotia (D. C.) 35 Fed. 907] reached that the question as to whether a lien, independent of express contract, exists for supplies or necessaries furnished to a foreign vessel, depends on the law of the place where the supplies or necessaries were furnished, and not on the law of the country to which the vessel belongs." The Kaiser Wilhelm II (D. C.) 230 Fed. 717.

It follows, therefore, that the exceptions must be sustained, and that the libel must be amended as suggested by the libelant, and further by pleading the maritime lien law of Holland.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes